UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RASHAUN DAVON GARNER, :
:
    Plaintiff :
:
  v. : CIVIL NO. 3:CV-07-0038
:
WARDEN, SUSQUEHANNA COUNTY : (Judge Kosik)
PRISON, :
:
    Defendant

## Memorandum and Order

**Background**

    Rashaun Davon Garner, an inmate confined at the Susquehanna County Prison, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as the sole defendant is the warden at the prison. In the complaint Garner states that he in being held on charges of criminal homicide but has not yet been convicted. He claims he has been held since November 25, 2006, and that he has been in "lockdown" for 23 hours a day. He claims he should only have been in lockdown for 48 hours for purposes of classification. He states that he feels threatened and that the guards at the Susquehanna County Prison do not listen to him. In his opinion, the Susquehanna Prison is the "wrong prison" for him. Based upon the foregoing, he seeks to be transferred out of the county to either a juvenile program or to the Lackawanna County Prison. For the reasons that follow, Plaintiff will be granted leave to proceed in forma pauperis for the sole purpose of filing the instant action,

and his complaint will be dismissed for failure to state a claim.

**Discussion**

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim upon which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. In Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual allegations. <u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990). "The test for reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." <u>Simon v. Cebrick</u>, 53 F.3d 17, 19 (3d Cir. 1995).

In order to ". . . state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Mark v. Borough of Hatboro</u>, 51 F.3d

2

1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995).

In the instant case, Plaintiff complains about various conditions at the Susquehanna County Prison ranging from where he is confined in the prison to feeling threatened and "not liked" by the prison guards.  With regard to Plaintiff's general allegations, verbal harassment and threats, alone do not constitute a violation of the Eighth Amendment.  Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995).  Further, Plaintiff's confinement in segregation for approximately five (5) weeks also fails to state a claim.  Under Sandin v. Conner, 515 U.S. 472 (1995), a prisoner has no liberty interest in remaining free of disciplinary segregation. The court reasoned, inter alia, that "[d]iscipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  Id.  In Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997), the Court of Appeals for the Third Circuit addressed an action initiated by an inmate who had been held in administrative custody for a prolonged period.  The court applied Sandin and concluded that placement without any type of due process hearing for a period of fifteen (15) months was not an atypical and significant hardship . Furthermore, the inmate's "commitment to and confinement in administrative custody did not deprive him of a liberty interest and that he was not entitled to procedural due process protection."  Id. at 708.  It added that prolonged confinement in administrative custody

3

was not cruel and unusual punishment. Id. at 709.  Thus, Plaintiff's claim of confinement in segregation for five (5) weeks, at the time he filed this action, does not state a claim.

More importantly, the entire gist of the complaint and the sole request for relief is Plaintiff's desire to be transferred to a different prison or a juvenile facility.  It is well established that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison.  Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, reh'g denied, 429 U.S. 873 (1976).   The complaint, therefore, is subject to dismissal.

**ACCORDINGLY, THIS 16th DAY OF JANUARY, 2007, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff is granted leave to proceed in forma pauperis for the sole purpose of filing this action.

2. The complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Any appeal taken from this Order will be deemed frivolous, lacking in good faith and without probable cause.

4. The Clerk of Court is directed to close this case.


                                        s/Edwin M. Kosik
                                        United States District Judge